# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


ROBERT A. LEVY and PHYLLIS B. LEVY,

        Plaintiffs,

vs.                                                          No.  CV 97-777 SC/JHG

SWIFT TRANSPORTATION COMPANY, INC.
(Sparks, Nevada), SWIFT TRANSPORTATION
COMPANY, INC. (Phoenix, Arizona),
JERRY C. MOYES, KEITH DALE NICHOLS,
and EDDIE LEE TIGGS,

        Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Review of Taxation of Costs, filed November 17, 1998 (Doc. No. 74).  For the reasons contained in this opinion, I make a *de novo* determination of the matter of costs, and I GRANT Plaintiffs' motion and DENY Defendants' requests for costs.

Plaintiffs brought this action to recover for their injuries in an automobile accident that occurred in New Mexico in July 1994.  Both Plaintiffs and one of the Defendants (Tiggs) were Texas residents, which negated complete diversity.  In a memorandum opinion filed April 28, 1998, I found that diversity jurisdiction was lacking.  I also denied Plaintiffs' motion to amend their complaint to add the United States as a party under a wide-ranging conspiracy theory, which would have provided federal jurisdiction under

28 U.S.C. § 1346, because I found that the amendment would have been futile.

On April 28, 1998, I dismissed this case without prejudice for lack of federal jurisdiction. On May 19 and May 26, 1998, Defendant Eddie Lee Tiggs and the Swift Defendants,[1] respectively, filed their "Cost Bills." Plaintiffs filed objections. The Clerk entered his Orders Settling Costs on November 10, 1998. The totals awarded were $3200.10 for the Swift Defendants and $505.60 for Defendant Tiggs.

*Discussion.* The local rules of this district require a party who seeks an award of costs to file a motion with certain components:

> **Motion to Tax Costs.** A motion to tax costs must be filed and served on each party within thirty (30) calendar days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The motion must comply with the requirements of D.N.M.LR-Civ. 7. and must include:
> - C an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> - C a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1. Neither Defendant complied with this rule within the time specified. The "cost bills" were not styled as motions to tax costs, nor were they accompanied by the requisite affidavits as to allowability, correctness and necessity. The Swift Defendants did file a late motion with an affidavit that complies only partially with

---

[1] Defendants Swift Transportation Company, Inc. of Nevada, Defendants Swift Transportation Company, Inc. of Arizona, Jerry C. Moyes, and Keith Dale Nichols are collectively referred to as "the Swift Defendants."

the local rule.  I shall overlook the procedural irregularities and proceed to the merits of

the cost controversy regarding the Swift Defendants.

In contrast, Defendant Tiggs' position in this costs matter is ambiguous, at best.

He filed a cost bill "to be taxed against Plaintiffs," Doc. No. 65 at 1.  He then argued in

his response to Plaintiffs' objections that those objections were erroneous.  In the same

document, however, he acknowledged that costs may not be awarded without a timely-

filed motion accompanied by an affidavit, and he admitted he never filed a motion to tax

costs.  He even stated that his "filing of a cost bill ... seeks no ruling by the Court."  Tiggs

Resp. to Pl. Obj. at 1-3 (Doc. No. 69).  Finally, Tiggs has not filed a response to

Plaintiffs' motion for review.  I conclude either that Tiggs consents to his costs being

denied, *see* D.N.M.LR-Civ. 7.5(b) (failure to file response constitutes consent to grant

motion), or that his noncompliance with the rules is so flagrant that he has failed to

demonstrate that he is entitled to costs.

The Swift Defendants seek to recover costs in connection with several depositions.

The federal rule states:

> Except when express provision therefor is made either in a
> statute of the United States or in these rules, costs other than
> attorney's fees *shall be allowed as of course* to the prevailing
> party unless the court otherwise directs; .... *Such costs may
> be taxed by the clerk* on one day's notice.  On motion served
> within 5 days thereafter, the action of the clerk may be
> reviewed by the court.

Fed. R. Civ. P. 54(d)(1) (emphasis added).  Under the common law, however, if a case

was dismissed for lack of subject matter jurisdiction, the court lacked jurisdiction to

award costs; it is only because of a federal statute, 28 U.S.C. § 1919, that costs may be

awarded at all, and the language in Rule 54 that costs "shall be allowed as of course to

the prevailing party" does not apply. Edward W. Gillen Co. v. Hartford Underwriters

Ins. Co., 166 F.R.D. 25, 27-28 (E.D. Wis. 1996) (cited with approval in Callicrate v.

Farmland Ind., Inc., 139 F.3d 1336, 1339, 1340 n. 8 (10th Cir. 1998)).

The relevant federal statute provides that "[w]henever any action or suit is

dismissed in any district court ... for want of jurisdiction, such court may order the

payment of just costs." 28 U.S.C. § 1919. At least one court interprets this statute to

mean that only the court itself, not the clerk, is authorized "to take any action whatsoever

with respect to costs." Ericsson GE Mobile Communications, Inc. v. Motorola

Communications & Electronics, Inc., 179 F.R.D. 328, 330 (N.D. Ala. 1998). Because of

the difference in wording between 28 U.S.C. § 1919 on the one hand, which makes no

mention of the clerk, and 28 U.S.C. § 1920[2] and Fed. R. Civ. P. 54(d)(1) on the other,

which do mention the clerk, I agree with this interpretation. Therefore, I shall disregard

the Clerk's Orders settling costs for Defendants and consider the matter of costs *de novo*.

*See also*, Furr v. AT&T Technologies, Inc., 824 F.2d 1537, 1550 n.11 (10th Cir. 1987)

(*de novo* review of award of costs under § 1920).

The Tenth Circuit has stated recently that "the standards applied under § 1920 are

---

[2] Title 28, Section 1920 of the United States Code provides, in relevant part, "A judge *or clerk* of any court of the United States may tax as costs the following: [listing six items] ... A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." (Emphasis added.)

helpful" in determining what are "just costs" under § 1919.  Callicrate v. Farmland Ind., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998).  A party seeking costs under § 1919 must demonstrate that the costs are "just."  The costs must be for "materials or services necessarily obtained," and "the amount of the award requested must be reasonable." Callicrate, 139 F.3d at 1339.  Use at trial by counsel or the court is sufficient, but not required, to demonstrate necessity, and costs may be awarded as long as the materials or services were "reasonably necessary for use in the case...."  Id.  "[D]epositions taken merely for discovery are not taxable as costs," but even if a deposition is not "strictly essential" to resolution of the case, it may still be "reasonably necessary" "where the deposition is offered into evidence, is not frivolous, and is within the bounds of vigorous advocacy."  Id. at 1340.  The determination of reasonable necessity must be made based on the state of the litigation at the time the cost was incurred, rather than through hindsight.  Id.  The cost of a deposition going to the merits of the litigation may be taxable, therefore, even though the case is dismissed on jurisdictional grounds without ever reaching the merits.  Id. at 1340 n. 9.

The deposition-related costs sought by the Swift Defendants are in two categories: (1) witness fees paid to over 20 persons subpoenaed for depositions; and (2) deposition transcript costs or "non-appearance" costs, which include costs for service of subpoenas on the witnesses.  The witnesses were records custodians who were subpoenaed to produce medical records relating to Plaintiffs' injuries suffered as a result of the vehicular accident at issue in this case.

Both sides focus mainly on the justification or lack thereof for the Swift Defendants' tactical maneuver in scheduling these depositions on the one hand, and on Plaintiffs' tactics in resisting disclosure and discovery of their medical information on the other. Defendants fault Plaintiffs for not producing their medical records as soon as the stay of discovery, imposed by the Magistrate Judge at the initial scheduling conference when he was informed of the potential subject matter jurisdiction problem, was lifted. Plaintiffs fault Defendants for going forward with the depositions (1) when they knew the subpoenas were invalid because they were issued by the wrong court, and (2) when they knew that Plaintiffs had other legal arguments for delaying this part of discovery. Neither side has devoted any argument to what I believe is the salient issue, i.e., were the depositions, at the time they were taken, "reasonably necessary" to the litigation? I conclude they were not.

The Swift Defendants have made no showing that the depositions were necessary for use in a summary judgment motion and/or a trial if this case had not been dismissed for lack of jurisdiction. Normally it is the plaintiff in a personal injury case who calls records custodians to get his or her medical records admitted into evidence at a trial. Even if Defendants had needed to introduce Plaintiffs' medical records as exhibits at a trial or in support of a summary judgment motion, there is no reason to assume that Plaintiffs would have objected to the authenticity of the records. Therefore, I conclude that when the depositions were scheduled, they were not reasonably necessary for the litigation, but were taken merely for discovery, for which costs are not recoverable.

6

Because the deposition transcripts and non-appearance fees of the court reporter were not reasonably necessary to the litigation, the same is true for the witness fees.

I have considered the arguments of the parties about possible discovery abuses, however, on the more general consideration of whether these costs might be "just" even though not "reasonably necessary."  The Swift Defendants argue that they were forced to resort to costly depositions because Plaintiffs resisted the discovery of their medical records.  In essence they contend first that Plaintiffs failed to comply with the discovery rules, specifically Fed. R. Civ. P. 26(a)(1)(B), by providing copies of their medical records voluntarily, and second that Plaintiffs wrongfully requested their health care providers not to comply with the deposition subpoenas, which "presumably" caused several of them not to appear for their depositions.

Rule 26(a)(1)(B) requires that a party provide copies of documents relevant to disputed issues without a discovery request, with some exceptions.  Plaintiffs' medical records are probably within the scope of this rule, but Plaintiffs had been seeking to delay these disclosures since as early as September 4, 1997, in the Provisional Discovery Plan (Doc. No. 18).  At the initial scheduling conference on September 8, 1997, the Magistrate Judge imposed a short-term stay of discovery without resolving the dispute about the timing of disclosure of Plaintiffs' medical information, and soon after the stay was lifted, Defendants proceeded with the depositions.  Because Plaintiffs were attempting to have the dispute resolved through the legal process, even though their attempts were both procedurally ineffective and legally doomed to failure, I do not believe they had abused

7

their discovery obligations.

Defendants' point about Plaintiffs' allegedly wrongful interference in the deposition procedure suffers from two problems. First, Defendants have not shown that the subpoenaed witnesses' failures to appear were caused by Plaintiffs' written request to their health care providers. It is just as likely that the witnesses failed to appear for their depositions because of Defendants' error in serving subpoenas issued by the wrong court. *See* Fed. R. Civ. P. 45(a)(2). This defect was pointed out by Plaintiffs in their Motion to Quash, and in their letter to the health care providers who had been subpoenaed. Second, Plaintiffs' attempted use of the legal process to delay the depositions was not done in bad faith.

A person's medical records contain information that is highly personal, sensitive, and possibly embarrassing. Even though such records are discoverable in litigation in which the person is seeking compensation for personal injury, and despite Defendants' legal right to proceed with the depositions, I do not think it was either unreasonable or in bad faith for Plaintiffs to resist discovery in the manner and at the time they did. They knew the case might be dismissed on jurisdictional grounds, and they attempted to get their legal arguments regarding the timing of discovery before the Magistrate Judge by filing a motion to quash the depositions, but they failed to realize they should have sought a protective order or at least called for an expedited ruling from the Magistrate Judge before the depositions. Such a ruling might have encouraged the parties to engage in a more orderly, and less expensive, production of the medical records.

I conclude that the Swift Defendants have not demonstrated that Plaintiffs engaged in discovery abuses that would justify the awarding of costs that were not reasonably necessary to the litigation.

NOW THEREFORE IT IS ORDERED that Plaintiffs' Motion for Review of Taxation of Costs is hereby GRANTED, and that the motions for awards of costs by all Defendants are hereby DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Plaintiffs are proceeding *pro se.*

Counsel For Defendants Swift:  Russell D. Mann, MODRALL, SPERLING, ROEHL, HARRIS & SISK, Roswell, N.M.

Counsel for Defendant Tiggs:  David McNeill, Jr., HOLT & BABINGTON, Las Cruces, N.M.